IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COREY EVANDER JOHNSON,**

  Plaintiff,

v.                     Civil Action No. **3:23CV824**

**A. WALKER,** *et al.*,

  Defendants.

## MEMORANDUM OPINION

Corey Evander Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or

complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   ALLEGATIONS AND CLAIMS

Johnson contends that while previously incarcerated in Sussex II State Prison ("Sussex II") his First Amendment rights[2] were violated because his meals contained what he believes is an excessive amount of beans and tuna hash. Johnson names the following individuals as defendants: Mr. Bell, the Food Service Director at Sussex II; A Walker, the Assistant Food Director; McDonald, the Assistant Warden; R. Langford, the Institutional Ombudsman; the Ombudsman Services Unit for the Virginia Department of Corrections ("VADOC"); and the VADOC Statewide Dietician (collectively, "Defendants"). (ECF No. 9, at 1.)[3] Specifically, Johnson alleges as follows:

> 7.   Plaintiff Johnson is a sealed religious diet (hereinafter "SRD") participant. Johnson signed a contract with the VADOC in order to receive the SRD. . . .
> . . .
> 9.   Upon arrival at Sussex II State Prison February 2, 2023, I noticed the SRD was different than at Red Onion State Prison.

---

[2] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation from Johnson's submissions.

3

> 10. There were no entrees; lasagna, hot dogs, stuffed cabbage, chicken cutlets. Sussex II SRD consist[ed] mainly [of] beans (i.e. navy, red northern, kidney).
> 11. Although beans are served on the SRD, Sussex II served beans daily, for lunch and dinner. There was a vegan bean chili bean entrée served with mixed vegetables and rice served continuously for either lunch or dinner with sealed beans, mentioned previously, for the other feeding.
> 12. I immediately inquired the cause. In addition to going though the chain of command, I had a family member e-mail Sussex I and II Complex Warden, Mrs. Cabel. . . .
> 13. Fasting for holy month of Ramadan came and went.
> 14. At the end of Saum (fasting), Sunni Muslims participate in an 'Eid Feast to commemorate a successful and joyous conclusion to the end of Ramadan.
> 15. Three (3) years prior to being transferred to Sussex II, the sealed religious diet at Red Onion State Prison 'Eid meal consist[ed] of two (2) entrées. One (1) year after leaving Sussex II, the SRD 'Eid meal here at River North consist[ed] of (2) two entrées. The SRD 'Eid feast meal at Sussex II for the year 2023 was beans! (1) one entrée. Enough was enough!
> 16. Wrote an informal complaint . . . .
> 17. Around this time, I was ordering Haram (impermissible) summer sausage from commissary. Prior to this I never ordered commissary summer sausage!
> 18. Shortly after the above-mentioned complaint was filed, the kitchen came up with tuna hash to serve SRD.
> 19. The tuna hash they came up with was over a year old! The tomatoes were yellow. This tuna entrée is not package[d within] a year shelf life . . . .
> 20. Wrote an informal complaint . . . .
> 21. Neither grievance was logged.

(*Id.* at 1–2.) Johnson raises the following claims for relief:

> Claim One: Defendants Bell, Walker, McDonald and the VADOC Dietician violated Johnson's First Amendment rights by serving beans and tuna hash as entrées in the SRD causing Johnson to "modif[y] his behavior purchasing summer sausage sold on commissary" that was not permissible for his religion. (*Id.* at 4)
>
> Claim Two: Defendants Langford and the Ombudsman Services Unit failed to answer or investigate Johnson's grievances in violation of VADOC policy, which "contributed to the denial of [Johnson's] First Amendment right[s]." (*Id.* at 5–6.)

Johnson demands money damages. (*Id.* at 7.)

4

## III. ANALYSIS

### A. Johnson Fails to State a Plausible First Amendment Violation

Johnson brings his claims under the Free Exercise Clause of the First Amendment. Although incarcerated, a prisoner still "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system." *Pell v. Procunier*, 416 U.S. 817, 822 (1974). To state a free exercise claim under the First Amendment, Johnson must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendants imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (alteration in original) (some internal quotation marks omitted)).

The Court assumes that Johnson's religious beliefs as a Sunni Muslim are sincere. Based on Johnson's allegations, however, his complaints about the food on the SRD do not derive from his sincerely held religious beliefs, but from a matter of personal dislike for beans and tuna hash.[4] "Under the Free Exercise Clause, a prisoner has a clearly established right to a diet consistent with his religious scruples." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014) (internal quotation marks and omissions omitted) (citation omitted). Prison officials "violate[] this clearly established right if [they] intentionally and without sufficient justification den[y] an inmate a religiously mandated

---

[4] Johnson has not been housed in Sussex II since at least April of 2023. (*See* ECF No. 9 ¶ 15.)

diet." *Lovelace v. Lee*, 472 F.3d 174, 199 (4th Cir. 2006) (citation omitted). Johnson does not allege facts suggesting that he was denied a religiously mandated diet or even that that his religious beliefs did not permit him to eat beans or tuna hash. Because Johnson was provided with a diet that met his religious needs, but perhaps not his personal preferences, his claims fail at the start.

Second, Johnson fails to allege facts to plausibly suggest that Defendants imposed a substantial burden on his ability to practice his religion in violation of the First Amendment. Johnson fails to allege sufficient facts that would suggest that receiving a serving of beans as his main entrée imposed a substantial burden on his religious practice. Clearly, beans are a permissible item for his religious diet. It appears that Johnson simply takes issue with the frequency that he was served beans. Johnson also similarly appeared to find the tuna hash unappetizing. Johnson has not alleged that consuming these items violated his religious tenets (because they do not), just that he personally disliked these entrées and would prefer something else more in line with what he was served at a previous place of incarceration. Johnson also does not allege facts suggesting that the meals that he was served were nutritionally inadequate. It is well-settled that an inmate has a constitutional right to adequate food, but not to food that is tasty or even appetizing. *Cf. Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994) (complaints about "cold, poorly prepared beans" did not state a constitutional violation); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (prisoners simply cannot expect "the amenities, conveniences, and services of a good hotel").

Moreover, Johnson himself chose to violate his religion tenets by selecting summer sausage at the commissary. Defendants did not force him to select this item. Johnson does not allege that the commissary only sold summer sausage, or that the commissary did not sell food items that would comport with his religiously mandated diet. Thus, based on Johnson's current allegations,

he could have discarded the beans or tuna hash when he did not want to eat them and could have supplemented his meals with commissary purchases that met his religious needs. In sum, Johnson fails to allege facts that would plausibly suggest that Defendants violated his First Amendment rights.

### B.     No Constitutional Claim Based on Grievances

In Claim Two, Johnson also contends that Defendants Langford and the Ombudsman Services Unit failed to log or answer his grievances in violation of VADOC policy. However, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process . . . ." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Doans v. Rice*, No. 87-7244, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."). In addition, the failure to follow VADOC institutional policy or procedure, standing alone, does not state a claim of constitutional dimension. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, Claim Two also lacks merit to the extent that Johnson suggests that Defendants Langford and the Ombudsman Services Unit failed to process his grievances.

In sum, Johnson fails to allege facts that would plausibly suggest that Defendants violated his First Amendment rights. Claims One and Two will be DISMISSED for failure to state a claim and as frivolous.

## IV.  CONCLUSION

Johnson's claims against Defendants will be DISMISSED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 28 May 2024
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

8